IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br>        vs.<br><br><br>MARK WARD OPPENHEIN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON REVIEW OF ORDER OF MAGISTRATE JUDGE RELEASING DEFENDANT PENDING TRIAL<br><br><br><br><br>Case No. 2:14-CR-384 TS |

This matter is before the Court on the government's request to review the release order issued by the Magistrate Judge.[1]  For the reasons discussed below, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of any other person and the community.  Therefore, Defendant will be ordered detained pending trial.

---

[1] Docket No. 37.

I.  PROCEDURAL HISTORY

An Indictment was brought against Defendant on July 16, 2014.  The Indictment alleges four counts.  Count One alleges aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 2241(c) and 1153(a); Counts Two and Three allege abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153(a); and Count Four alleges abusive sexual contact in other circumstances in violation of 18 U.S.C. §§ 2244(b) and 1153(a).[2]  These acts are alleged to have occurred within the boundaries of the Confederate Tribes of the Goshute Reservation.

On the date the Indictment was issued, an arrest warrant was issued for Defendant.  Defendant was arrested and brought before the Magistrate Judge.  The Magistrate Judge ordered Defendant to be detained.

Defendant filed a Motion for Review of Detention on November 3, 2014.  In that motion, Defendant indicated that there were new facts and circumstances justifying reopening and reconsidering the prior detention hearing.  Specifically, Defendant indicated that the victim in Count One told another individual that Defendant was not the perpetrator of the acts alleged in Count One.[3]  This new evidence, Defendant argued, casts doubt on the allegations and credibility of Count One, which is the only count that carries a presumption of detention under 18 U.S.C. § 3142(e).  Additionally, Defendant argued that if Defendant were to be released, it would be under GPS surveillance, which mitigates the risk of flight and danger to the community.

On November 24, 2014, the Magistrate Judge held a detention hearing.  The Magistrate

---

[2] Docket No. 1.

[3] Docket No. 21, at 2.

Judge found that Defendant poses a danger to the safety of others and the community and that the risk was not manageable.  The Magistrate Judge ordered that Defendant be placed on a waiting list for placement at a halfway house.  The Magistrate Judge agreed to conduct another detention hearing if placement at the halfway house opened before trial.

On January 12, 2015, the Magistrate Judge conducted another detention hearing.  At the hearing, the Magistrate Judge found that Defendant "poses a danger to the safety of others and the community, and that risk is manageable under a combination of circumstances" and that "the Defendant does not pose a risk of nonappearance, and that risk is also manageable under a combination of conditions."[4]  The Magistrate Judge found that releasing Defendant to the halfway house in Salt Lake County would mitigate the risk he poses to the community.  She reasoned that because all the alleged acts either occurred in the home or were directed toward relatives, releasing the Defendant to the halfway house far from his home and his relatives would sufficiently mitigate the danger he poses to the community.  The Magistrate Judge ordered the U.S. Marshals Service to transport Defendant to court on January 14, 2015 ready for release to the halfway house with GPS monitoring.  At the hearing, the government moved to stay the Magistrate Judge's Order pending this Court's hearing an appeal, which the Magistrate Judge denied.

The government filed this Motion appealing the Magistrate Judge's decision to release Defendant.

## II.  FACTUAL BACKGROUND

The government proffers evidence to support the alleged Counts from testimony of

---

[4] Docket No. 31.

Victims One and Two as well as evidence under Federal Rule of Evidence 414.  Victim One has made a statement to law enforcement that the Defendant molested her on various instances from 2010 to 2013.  These instances include making her take off her swimsuit, pushing her onto her bed, and licking her vagina; drugging her before bed and then coming into her bedroom during the night and putting his hand down her pajamas; and forcing her to let him give her baths over the course of a week, during which he would fondle her breasts and vagina.

Victim Two, who is a relative of Defendant, reports that Defendant molested her as a child and a teenager.  She alleges that when she was five years old, he pinned her to the floor and tried to take off her pants, but she was able to escape.  She also alleges that when she was a teenager he picked her up from high school and they drove to the mountains where he gave her alcohol.  She reports that she blacked out because of the alcohol consumption.  When she woke up, her overalls were unbuckled and her shirt was lifted up over her breast.  She also reports that when she was living with Defendant as a teenager, she would wake up to him fondling and rubbing her buttocks.

The government has also proffered additional evidence under Rule 414 alleging that Defendant has a long history of child molestation.  A niece of Defendant reports that at about age 15 she was raped by Defendant as a form of discipline.  Another niece of Defendant reports that when she was six or seven years old, Defendant walked into her room without pants on, told her to get in bed with him, and forced her head into his crotch.  The government has additional evidence under Rule 414 relating to other sexual conduct with other relatives.

## III.  DISCUSSION

18 U.S.C. § 3145(a)(1) provides: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  DUCrimR 57-16(a)(1) provides that any party is entitled to appeal a Magistrate Judge's order releasing a Defendant and that the appeal will be timely scheduled for de novo review.

The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[5]  In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[6]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142.  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.[7]

In certain cases, however, the presumption shifts.

---

[5] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of § 3145 is de novo).

[6] *Lutz*, 207 F. Supp. 2d at 1251.

[7] 18 U.S.C. § 3142(b), (c), and (e).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 2241 . . . of this title.[8]

In this case, Defendant is charged in an Indictment with a violation of 18 U.S.C. §§ 2241(c) and 1152.  The Indictment is sufficient to establish a finding of probable cause that Defendant committed an offense involving a minor victim under 18 U.S.C. § 2241.[9]  Thus, detention is presumed in this case.

Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[10]

For purposes of this Order, the Court finds that Defendant has met his burden of production.  Thus, the burden of persuasion remains with the government.  However, the presumption remains a factor the Court is to consider.  The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[11]

To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, the Court considers the following:

---

[8] *Id.* § 3142(e)(3)(E).

[9] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[10] *Id*. at 1354–55.

[11] *Cisneros*, 328 F.3d at 616.

(1) The nature and circumstances of the offense charged . . . ;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[12]

## A.    NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED

The Court first considers the nature and circumstance of the offense charged.  As stated, Defendant is charged with aggravated sexual abuse of a child within Indian Country in violation of 18 U.S.C. §§ 2241(c) and 1152.  There can be no doubt that this is a serious offense.  Both the nature of this offense generally, and the alleged facts of this case in particular, demonstrate the seriousness of this offense.

As the government points out, this offense carries with it a minimum mandatory sentence of 30 years.  This fact reveals that Congress believed this to be a serious offense.  The Court agrees with this assessment.  Further, the allegations presented in this case, like all sexual abuse cases, are troubling.  Defendant is alleged to have sexually assaulted two young girls and the government has proffered evidence suggesting a long history of child molestation by Defendant.

Therefore, this factor weighs in favor of detaining Defendant.

## B.    WEIGHT OF THE EVIDENCE AGAINST THE PERSON

The Court next considers the weight of the evidence against Defendant.  The Court is

---

[12] 18 U.S.C. § 3142(g).

mindful that the Bail Reform Act is not to be "construed as modifying or limiting the presumption of innocence."[13]   However, the weight of the evidence against Defendant is strong.

The government, through testimony of Special Agent Dustin Bryant, proffered accounts from Victims One and Two detailing instances of Defendant sexually molesting them.  The government also offered corroborating evidence to support Special Agent Bryant's testimony. Additionally, the government offered Defendant's admissions, which also corroborate the accounts of Victims One and Two.

Defendant presented evidence that Victim One may have told another individual that Defendant was not the perpetrator of the alleged offense.  The government proffers that Victim One maintains that Defendant was the perpetrator.  Even with Victim One's credibility at issue, the evidence weighs against Defendant.  The government has offered Special Agent Bryant's testimony and corroborating evidence to support Victim One's account.

Additionally, the government has proffered evidence under Rule 414.  This evidence weighs against Defendant because it demonstrates that he may have committed acts similar to those alleged over the course of the last 30 years.

Therefore, this factor weighs in favor of detaining Defendant.

C.      HISTORY AND CHARACTERISTICS OF THE PERSON

Next the Court considers Defendant's history and characteristics, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol

---

[13] *Id.* § 3142(j).

abuse, criminal history, and record concerning appearance at court proceedings."[14]

Defendant has no criminal history, but there is evidence to suggest that he has engaged in conduct similar to the charged offense in the past. As noted previously, the government has proffered Rule 414 evidence to support a Defendant's long history of child molestation.

Although Defendant does not have a criminal history, he may have a long history of child molestation. Given the nature of the evidence proffered under Rule 414, Defendant's history weighs in favor of detainment.

Therefore, this factor weighs in favor of detaining Defendant.

D.   THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY

Finally, the Court considers the nature and seriousness of the danger to any person or the community posed by Defendant's release. Based upon all of the above, the Court finds that Defendant would pose a serious danger to the community if released.

Defendant argues that releasing Defendant to a halfway house in Salt Lake County would mitigate the risk he poses to the community because his alleged victims are family members that reside in Battle Mountain. Defendant argues that he would not be in circumstances in the halfway house that would lead to him posing a danger to the community and children. Further, Defendant argues that while at the halfway house he could take advantage of the halfway house's services such as searching for employment and receiving treatment.

The Court is not persuaded by this argument. Simply because Defendant allegedly only molested relatives in a home environment does not mean he would not molest a child in Salt Lake

---

[14] *Id.* § 3142(g)(3)(A).

County if presented with such an opportunity.  The Court is not willing to risk Defendant

committing such an act in order to allow him the opportunity to take advantage of the halfway

house's services.

Therefore, this factor weighs in favor of detaining Defendant.

### IV.  CONCLUSION

Based on the above, it is therefore

ORDERED that the Government's Motion for Review of Detention (Docket No. 37) is

GRANTED.  It is further

ORDERED that the Magistrate Judge's Order Setting Condition of Release (Docket No.

34) is REVERSED.

Defendant is ordered DETAINED pending trial.

DATED   January 14, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge