IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK WARD OPPENHEIN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENSE EXPERT<br><br><br>Case No. 2:14-CR-384 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Exclude Testimony of Defense Expert. For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

An Indictment was brought against Defendant on July 16, 2014. The Indictment alleges four counts. Count One alleges aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 2241(c) and 1153(a); Counts Two and Three allege abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153(a); and Count Four alleges abusive sexual contact in other circumstances in violation of 18 U.S.C. §§ 2244(b) and 1153(a).  These acts are alleged to have occurred within the boundaries of the Confederate Tribes of the Goshute Reservation.

On February 10, 2015, Defendant filed a Notice of Expert Witness, providing notice that he intended to call Dr. Deborah Davis as an expert witness. Dr. Davis is expected to testify generally about false confessions.

The government filed the instant Motion on April 2, 2015. The government argues that Dr. Davis's proposed testimony should be excluded because: (1) it does not meet the

requirements of Federal Rule of Evidence 702; (2) it is inadmissible under Rule 403; and (3) would encroach upon the jury's function to make credibility determinations.

Defendant argues that the government's Motion should be denied because: (1) it is untimely; (2) exclusion of Dr. Davis's testimony would deny Defendant his fundamental right to present a defense; (3) Dr. Davis's testimony meets the requirements of Rule 702; and (4) Dr. Davis's testimony is relevant, probative, and not unduly prejudicial.

## II.  DISCUSSION

A.    TIMELINESS

Defendant first argues that the government's Motion should be denied because it is untimely.  Defendant relies on *Macsenti v. Becker*[1] and *Alfred v. Caterpillar, Inc.*,[2] to argue that the Court should not consider the government's Motion.  However, in both *Macsenti* and *Alfred*, the defendants waited to object to the expert testimony until either the close of all evidence or after the plaintiff had rested.[3]  Under those circumstances, the Tenth Circuit held that the trial court could reject such challenges.

As explained in *Alfred*,

Recognizing that the law traditionally does not reward ambush trial tactics, in *Macsenti* this Court correctly criticized the practice of filing *Daubert* motions at a late stage in the adversarial process when there has been no motion in limine or concurrent objection to an expert's participation.  Counsel should not "sandbag" *Daubert* concerns until the close of an opponent's case, thereby placing opposing counsel and the trial court at a severe disadvantage.  The truth-seeking function of litigation is best served by an orderly progression, and because *Daubert* generally contemplates a "gatekeeping" function, not a "gotcha" junction, *Macsenti* permits

---

[1] 237 F.3d 1223 (10th Cir. 2001).

[2] 262 F.3d 1083 (10th Cir. 2001).

[3] *Macsenti*, 237 F.3d at 1230–31; *Alfred*, 262 F.3d at 1086–87.

a district court to reject as untimely *Daubert* motions raised late in the trial process; only in rare circumstances will such tardy motions . . . be warranted.[4]

In this case, the government filed its Motion in Limine well in advance of trial. The Court and the parties have sufficient time to address the merits of the Motion. Therefore, the Court will not deny the government's Motion on this ground.

B.       FUNDAMENTAL RIGHT TO PRESENT A DEFENSE

Defendant next argues that the exclusion of Dr. Davis's testimony would deny him his fundamental right to present a defense. Defendant argues that the defense theory is that Defendant falsely confessed during his interview with law enforcement. Defendant further argues that the testimony of Dr. Davis "can provide an additional perspective and support to the jury regarding why Mr. Oppenhein's statements, based on certain studies and analysis regarding confessions, may be inherently unreliable."[5]

A similar argument was raised in *United States v. Adams*.[6]  In that case, the defendant argued that the exclusion of an expert's testimony effectively precluded his defense theory. The Tenth Circuit rejected that argument.

That court stated,

The Constitution affords trial judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, poses an undue risk of harassment, prejudice, or confusion of the issues, or is otherwise excluded through the application of the evidentiary rules.  [The defendant] confuses a fundamental right, the right to present a theory of defense, with one that is not fundamental, the right to present that theory in whatever manner and with whatever evidence he chooses.[7]

---

[4] *Alfred*, 262 F.3d 1087.

[5] Docket No. 68, at 5.

[6] 271 F.3d 1236 (10th Cir. 2001).

[7] *Id.* at 1243 (quoting *Crane v. Kentucky*, 476 U.S. 683, 689–90 (1986)).

The same conclusion is warranted here.  By excluding the testimony of Dr. Davis, the Court is not depriving Defendant of the ability to present his defense, it is simply limiting the evidence that can be used in support of that defense, as proscribed by the Federal Rules of Evidence.  Thus, the Court must turn to the admissibility of Dr. Davis's testimony.

C.      ADMISSABILITY OF DR. DAVIS'S TESTIMONY

The government argues that Dr. Davis's testimony does not meet the requirements of Rule 702 and should be excluded under Rule 403.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[8]

The Court "must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact before, permitting a jury to assess such testimony."[9]

> In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion.  Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.[10]

---

[8] Fed. R. Evid. 702.

[9] *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1122 (10th Cir.2006).

[10] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)).

Both parties argue about whether Dr. Davis's testimony satisfies the requirements of Rule 702.  Even assuming that her testimony satisfies Rule 702, it "still must survive the rigors of Rule 403."[11]  Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[12]

The probative value of Dr. Davis's proposed testimony is minimal.  Dr. Davis intends to present general testimony about false confessions.  There is no indication that she has examined Defendant or that she intends to opine about the specific interaction between Defendant and law enforcement.  The Tenth Circuit encountered similar testimony from Dr. Davis in *United States v. Benally*.[13]  The court there found that such evidence had "minimal" relevance.[14]  The same conclusion is warranted here.

The Court further finds that the limited relevance of this testimony is substantially outweighed by the potential of unfair prejudice, confusing the issue, misleading the jury, undue delay, and wasting time.[15]  As the court in *Benally* found, "a district court could reasonably conclude that the prejudice to the prosecution that would result from permitting an expert to

---

[11] *United States v. Call*, 129 F.3d at 1402, 1405 (10th Cir. 1997).

[12] Fed. R. Evid. 403.

[13] 541 F.3d 990 (10th Cir. 2008).

[14] *Id.* at 995.

[15] *See id.*

opine that prior confessions should essentially be disregarded because they are just as likely to be true as untrue, substantially outweighs the testimony's minimal probative value."[16]

Moreover, admission of testimony of this nature would impermissibly intrude on the jury's role in making credibility determinations.  This conclusion has repeatedly been re-affirmed by the Tenth Circuit.[17]  If admitted as evidence, the jurors will have the opportunity to view the interview at issue and can draw their own conclusions as to Defendant's credibility. Therefore, the Court will exclude Dr. Davis's testimony.

Because the Court finds that Dr. Davis's testimony must be excluded under Rule 403, there is no need to conduct a *Daubert* hearing and no need for a continuance of the trial, as requested by Defendant.

## III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine to Exclude Testimony of Defense Expert (Docket No. 66) is GRANTED.

DATED this 8th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] *Id.*

[17] *United States v. Hill*, 749 F.3d 1250, 1263 (10th Cir. 2014); *Benally*, 541 F.3d at 995; *Adams*, 271 F.3d at 1245.